UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ISABEL BRIONES RODRIGUEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 1:12-cv-00565 - BAM <br><br> **ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## I.   INTRODUCTION

Plaintiff Maria Rodriguez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits pursuant to Title II of the Social Security Act.[1]  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.  The Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards.  Accordingly, this Court affirms the agency's determination to deny benefits.

---

[1]   Carolyn W. Colvin because the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

## II. BACKGROUND

### Overview of Administrative Proceedings

On June 1, 2006, Plaintiff filed her first application for benefits alleging disability beginning October 20, 2003. AR 17.[2] Plaintiff's application was denied initially and on reconsideration. AR 62, 71. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 45-61. ALJ Christopher Larsen held a hearing on October 16, 2008, and issued an order denying benefits on January 7, 2009. AR 86-92. Plaintiff requested review of this decision and on March 25, 2010, the Appeals Council remanded the case so the ALJ could resolve additional issues. AR 94-96. The ALJ held another hearing on November 12, 2010, and issued an order denying benefits on December 3, 2010. AR 17-25. The Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1. Plaintiff subsequently requested judicial review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

### 2008 Hearing Testimony

The ALJ held a hearing on October 16, 2008 in Fresno, California. AR 45. Plaintiff appeared and testified. AR 46. She was represented by attorney James Yoro and assisted by an interpreter. AR 47. Impartial Vocational Expert ("VE") Thomas Dachelet also testified. AR 57.

Plaintiff was born on November 19, 1964 and was forty-three years old at the time of the first hearing. AR 49. She has a sixth grade education and cannot read or write in English. AR 49-50. Plaintiff testified that she has not worked since October 2003 due to a fall that injured her neck. AR 50-51. Before that time Plaintiff worked picking and packing grapes. AR 50. After her fall, Plaintiff's doctor informed her of the option to have surgery for her neck injury, but Plaintiff decided not to have the surgery because the results could not be guaranteed. AR 51. Plaintiff also suffers from headaches three to four days a week. AR 52. Plaintiff experiences pain and numbness in her hands and arms and she cannot lift heavy things. AR 51-52. Plaintiff has arthritis, high blood pressure, and diabetes. AR 53. Plaintiff testified that she can walk for an hour straight and four hours total during an eight hour workday. AR 55. With respect to daily activities, Plaintiff has trouble concentrating

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

because she gets tired. *Id.* Plaintiff spends about two hours cooking and cleaning each day. AR 55-56.

Thereafter, the ALJ elicited testimony of a vocational expert. AR 57. First, the VE was asked to consider jobs a person could complete assuming a hypothetical worker of Plaintiff's age, education, and work experience who is capable of light physical exertion except that she can only occasionally reach overhead with either hand. AR 58. The VE indicated that such an individual could not perform the claimant's past relevant work. *Id.* However, this hypothetical worker could perform other jobs in the regional or national economy. AR 59. Specifically, this individual could perform the job of a dagger, garment sorter, or grader. *Id.* In a second hypothetical, the VE was asked to consider a hypothetical worker of Plaintiff's age, education, and work experience who can never lift or carry more than ten pounds, walk more than two hours, and sit more than six hours in an eight-hour day. *Id.* The VE indicated that such an individual could not perform any jobs that existed in national economy. *Id.*

**2010 Hearing Testimony**

The ALJ held a second hearing on November 12, 2010 in Fresno, California. AR 30. Plaintiff appeared and testified. AR 31. Plaintiff was forty-six years old at the time of the second hearing, had a sixth grade education, and had previously performed work as a seasonal grape picker and packer. AR 33-34. Plaintiff stopped working in 2004 because she had diabetes and neck problems. AR 35. Plaintiff elected not to have surgery for the neck problem because of the possibility that the problem could become worse. *Id.* Plaintiff experiences depression and complications related to her arthritis, diabetes, and pain in her neck, back, and arms. With respect to her daily activities, Plaintiff takes care of her children, runs errands, washes clothes and dishes, cooks, and does other household chores. AR 39. However, Plaintiff sometimes receives help from her daughters with these chores. *Id.* Plaintiff can perform these activities for about four hours before needing to rest for an hour. AR 40.

VE Kenneth Ferra testified that Plaintiff's past work as a farm worker was classified as medium exertion level and unskilled. AR 41. The VE was asked to assume a hypothetical worker of Plaintiff's age, education, and work experience who can perform light physical exertion and occasionally reach overhead with the arms and can perform only simple repetitive tasks. *Id.* The VE

indicated that this individual could not perform Plaintiff's past jobs but could perform other jobs such as an assembler or sorter. AR 41-42. The VE was then asked to consider a hypothetical worker of Plaintiff's age, education, and work experience who could lift 20 pounds occasionally, ten pounds frequently, stand and walk for two to three hours in an eight-hour work day, and sit for two to three hours in an eight-hour work day. AR 42. The VE stated that there were no jobs available for such an individual. *Id.*

Plaintiff's counsel then asked the VE to consider the same individual in the first hypothetical question except with the additional limitation that this individual would have moderate difficulties with concentration persistence, with moderate being defined as only being able to participate in the activity 20 percent of the time. *Id.* The VE indicated that such an individual would be unable to perform any work as it exists in the national economy. *Id.*

**Medical Record**

The entire medical record was reviewed by the Court. AR 272-534. The medical evidence will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 17-25. More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since October 20, 2003. AR 19. Further, the ALJ identified diabetes, degenerative disc disease of the cervical spine, obesity, right shoulder impairment syndrome, and depressive disorder as severe impairments. AR 19. Nonetheless, the ALJ determined that the severity of the Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 20.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally and 10 pounds frequently. AR 21. Plaintiff could sit, or stand and walk for six hours in an eight-hour work day, occasionally reach overhead with her bilateral hands, and perform simple repetitive tasks. *Id.* The ALJ subsequently found that Plaintiff was unable to perform her past relevant work as a farm laborer. AR 23. However, based on Plaintiff's age, education, work experience, and RFC, the ALJ determined that significant

1  jobs exist in the national economy that Plaintiff could perform. AR 24. The ALJ therefore found that
2  Plaintiff was not disabled under the Social Security Act. *Id.*

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commission must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

Here, Plaintiff argues that the ALJ erred in (1) rejecting the opinion of treating physician Dr. Salmassi and (2) evaluating Plaintiff's subjective complaints of pain.

## DISCUSSION[3]

### A.   Dr. Salmassi's Opinion

#### 1.   Legal Standard

In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir.2001); *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007). *See also*, 20 C.F.R. § 404.1527(c)(1)-(2). If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." 20 C.F.R. § 404.1527(c)(2).

If a treating physician's opinion is not given "controlling weight" because it is not "well-supported" or because it is inconsistent with other substantial evidence in the record, the Administration considers specified factors in determining the weight it will be given. Those factors include the "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. *Id*. § 404.1527(c)(2)(i)-(ii). Additional factors relevant to evaluating any medical opinion, not limited to the opinion of the treating physician, include the amount of relevant evidence that supports the opinion and the quality of the explanation provided; the consistency of the medical opinion with the record as a whole; the specialty of the physician providing the opinion; and "[o]ther factors" such as the degree of understanding a physician has of the Administration's "disability programs and their evidentiary requirements" and the degree of his or her familiarity with other information in the case record. *Id.* § 404.1527(c)(3)-(6).

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Pitzer v. Sullivan,* 908 F.2d 502, 506 (9th Cir.1990). If contradicted by another doctor, the opinion of a treating or examining doctor can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). "This burden can be met by providing a detailed summary of the facts and conflicting clinical evidence, along with a reasoned interpretation thereof." *Rodriguez v. Bowen,* 876 F.2d 759, 762 (9th Cir. 1989).

Notwithstanding the above discussion, an ALJ is not required to accept an opinion of a treating physician, or any other medical source, if it is conclusory and not supported by clinical findings. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a medical source's opinion concerning a claimant's limitations on the ultimate issue of disability. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989). If the record as a whole does not support the medical source's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.; Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595 (9th Cir.1999).

**2.    The ALJ Provided Specific and Legitimate Reasons to Discount Dr. Salmassi's Opinion and the ALJ's Evaluation of the Medical Evidence As a Whole is Based on Substantial Evidence in the Record**

Plaintiff argues that the ALJ impermissibly rejected the opinion of treating physician Dr. Salmassi. On November 3, 2010, Dr. Salmassi completed a medical source statement. AR 531-534. In this statement, Dr. Salmassi concluded that Plaintiff could lift 10 pounds frequently, could not walk or stand more than two hours in an eight-hour work day, could not sit for more than half an hour in an eight-hour workday, and could never climb, balance, stoop, kneel, crouch, or crawl. AR 532-534. The ALJ afforded Dr. Salmassi's opinion "little weight" noting that the limitations were extreme in

light of the minimal objective findings, that Dr. Salmassi's opinion was not supported by the overall medical evidence of record, and that the consensus of the medical opinion was to the contrary.

The ALJ provided specific and legitimate reasons based on substantial evidence in the record for his evaluation of Dr. Salmassi's opinions.  First, the ALJ explained that the assessed limitations were extreme in light of the minimal objective findings.  The ALJ is not required to accept an opinion of a treating physician if it is conclusory and not supported by clinical findings. *Matney*, 981 F.2d at 1019.  Dr. Salmassi observed that Plaintiff could not lift more than ten pounds.  AR 532.  However, Dr. Salmassi cites no medical findings in support of this assessment.  *Id.*  Dr. Salmassi concluded that Plaintiff could not walk or stand for more than two hour hours in an eight-hour workday with normal breaks.  *Id.*  To support this finding he cites Fibromyalgia, Rheumatoid Arthritis, and Diabetic Polyneuropathy.  *Id.*  However, these are not clinical findings.  *See* 20 C.F.R. § 404.1528; *Id.* § 404.1529.  Dr. Salmassi concluded that Plaintiff cannot sit for more than half an hour a day with normal breaks to support his assessment Dr. Salmassi cited "same as above," which merely referred back to his earlier medical finding of "same as above."  AR 532-33. Dr. Salmassi also observed that Plaintiff could never climb, balance, stoop, kneel, crouch, or crawl; and Plaintiff cannot reach, handle, or feel things with her hands.  AR 533.  However, Dr. Salmassi fails to give any sort of medical finding for these limitations.  When asked to give a description of these limitations and supportive evidence Dr. Salmassi cited, "She cannot do any kind of labor work at all."  In summary, Dr. Salmassi places extreme limitations on Plaintiff, such as an inability to feel things, AR 533, and then cites little or no medical findings to support these limitations.

Second, the overall medical record does not support Dr. Salmassi's opinion. The ALJ correctly discounted Dr. Salmassi's opinion because it was not supported by the longitudinal treatment record or any clinical findings.  *See Tonapetyan v. Halter*, 242 F.3d 1144 (9th Cir. 2001).  Dr. Dozier observed that Plaintiff was able to walk with a normal gait, sit during the interview without discomfort, and transfer on and off examination tables. AR 346; AR 20.  These findings do not support Dr. Salmassi's opinion.  *See* AR 532 (stating that Plaintiff cannot sit for more than half an hour).  The ALJ also noted other findings such as Plaintiff's Lumbodsacral Spine X-Ray was primarily normal, AR 516-517; AR 20, and Romberg was absent, AR 347, AR 20.  Plaintiff's motor strength for both upper and lower

extremities and bilateral grip strength was five out of five. AR 347; AR 20. *See also* AR 357 (showing that Dr. Salmassi's own treatment notes support this conclusion). These findings directly contradict Dr. Salmassi's opinion. *See* AR 533 (reporting that Plaintiff could never reach, handle, finger, or feel with her hands). Further, according to Dr. Betcher, who issued a Residual Functional Capacity Report on September 15, 2006, Dr. Salmassi's own medical findings are internally inconsistent. AR 357. Specifically, Dr. Betcher states that Dr. Salmassi's records show that Plaintiff's motor and sensory skills were normal. *Id.* However, Dr. Salmassi reported that Plaintiff could never reach, handle, finger, or feel with her hands. AR 533. Therefore, the ALJ's reasoning that the overall medical record does not support Dr. Salmassi's opinion is supported by substantial evidence.

Third, Dr. Salmassi's opinion is inconsistent with the totality of the evidence in the record. Findings of non-treating or non-examining physicians can amount to substantial evidence, so long as other evidence in the record supports those findings. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996). On August 23, 2006, Dr. Dozier examined Plaintiff and issued an evaluation. AR 344-348. Dr. Dozier concluded that Plaintiff could stand, walk, or sit for six hours and could lift or carry 50 pounds occasionally and 25 pounds frequently. AR 348. *See also* AR 23. Dr. Harris also examined Plaintiff on July 1, 2004 and issued an evaluation. AR 277-284. Dr. Harris concluded that Plaintiff was able to begin retraining to enter the workforce. AR 283; *See also* AR 23. On September 6, 2005, Dr. Ovadia examined Plaintiff, reviewed her medical records, and issued an evaluation. AR 309-315. Dr. Ovadia concluded the Plaintiff was only moderately limited in performing activities of daily living and that she was eligible for vocational retraining. AR 313. All of these evaluations disagree with Dr. Salmassi's testimony because they are much less restrictive. The closest limitation to Dr. Salmassi's is Dr. Ovadia's opinion that Plaintiff was moderately limited in performing activities of daily living. AR 313. However, this statement is far less extreme than Dr. Salmassi's severe limitations such as Plaintiff's inability to sit more than half an hour a day. AR 532.

The opinions of Dr. Dozier, Dr. Harris, and Dr. Ovadia are more consistent with the record as a whole and therefore the ALJ correctly gave them greater weight. *See* 20 C.F.R. § 416.927 (d)(4) (providing that more weight is given to an opinion that is more consistent with the record as a whole). Plaintiff testified that she takes care of her children, runs errands, washes clothes and dishes, cooks,

and does other household chores. AR 39. Plaintiff can perform these activities for about four hours before needing to rest, and does occasionally get help from her daughters. AR 39-40. This testimony is inconsistent with Dr. Salmassi's testimony that Plaintiff cannot stand for more than two hours, sit for half an hour, and can never handle or feel objects. *See* AR 533. Further, if Plaintiff could never handle objects with her hands then she would be unable to handle clothes and dishes for cleaning or food and cooking utensils for cooking. The evaluations of Dr. Dozier, Dr. Harris, and Dr. Ovadia are consistent with the record.

Additionally, Dr. Salmassi's own assessments are in disagreement. On July 17, 2006, Dr. Salmassi completed a Medical Source Statement. AR 321-22. Dr. Salmassi reported that Plaintiff could occasionally reach, handle, or use her fingers, and had unlimited feeling. AR 322. However, this contradicts Dr. Salmassi's 2010 statement that Plaintiff could never reach, handle, finger, or feel. AR 533. Further, in 2006 Dr. Salmassi reported that there was no evidence of neuropathy. AR 324. However, in 2010, Dr. Salmassi cited the diagnosis of diabetic polyneuropathy to support his limitation that Plaintiff could not stand for more than two hours. AR 532. Therefore, the ALJ's finding that the consensus of the medical opinion was to the contrary was supported by substantial evidence.

The ALJ provided specific and legitimate reasons to discount Dr. Salmassi's opinions, and the ALJ's evaluation of the medical evidence as a whole was based on substantial evidence in the record.

**B.     Plaintiff's Credibility**

   **1.     Legal Standard**

A two step analysis applies when considering a claimant's subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the claimant must produce objective medical evidence of an impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id.* at 1281-1282. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only if he makes specific findings that include clear and convincing reasons for doing so. *Id.* at 1281. "An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment." *Orn v. Astrue*, 495 F.3d at 635 (citation omitted). When weighing a

claimant's credibility, the ALJ may consider the claimant's reputation for truthfulness, inconsistencies in claimant's testimony or between his testimony and conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties about the nature, severity and effect of claimant's claimed symptoms. *Light v. SSA*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ may consider "(1) ordinary techniques of credibility evaluation, such as claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008), quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). If the ALJ's finding is supported by substantial evidence, the Court may not second-guess his or her decision. *Thomas*, 278 F.3d at 959.

**2.     The ALJ Gave Specific Findings That Were Supported by Substantial Evidence**

Here, the ALJ found that Plaintiff's "medically-determinable impairments can reasonably be expected to produce her alleged symptoms." AR 22. This finding satisfied step one of the credibility analysis. *See Smolen*, 80 F.3d at 1281-1282. The ALJ then found that Plaintiff's "statements about the intensity, persistence, and limiting effects of those symptoms are not credible to the extent they are inconsistent with my assessment of her residual functional capacity." AR 22. To support this finding the ALJ cited the conflict between Plaintiff's reports of pain and her report to Dr. Shalts. AR 22. The ALJ found that Plaintiff made breakfast for her family, took her children to school, took care of her daughter, cooked, cleaned, and shopped. AR 22. *See* AR 231-243 (supporting the ALJ's findings). *See also* AR 39 (providing further testimony to support this finding). However, the ALJ found this conflicted with her statements in the same report that she could lift ten pounds, stand for fifteen minutes, walk for thirty to forty minutes, and sit for thirty minutes. AR 22. *See* AR 236. This also conflicts with Plaintiff's testimony that she can walk for an hour and stand or walk for about four hours. AR 55. Additionally, the ALJ cited Plaintiff's report that she "could only walk 200 feet and then must rest for 10 to 15 minutes before resuming walking." AR 22. Again this is contrary to Plaintiff's other reports of her shopping (AR 39), and her ability to walk for thirty to forty minutes, AR 236. These multiple conflicting statements substantially support the ALJ's credibility findings.

11

Plaintiff argues that ALJ is not allowed to consider Plaintiff's refusal to receive cortisone injections and cervical surgery in assessing her credibility.  Pl.'s Opening Br. 11, ECF No. 11.  To support her argument Plaintiff cites three district court cases from other circuits.  *Id.* at 11-12.  However, in the Ninth Circuit, an ALJ is allowed to consider a failure to seek treatment in credibility determinations.  *Tommasetti*, 533 F.3d at 1039; *Smolen*, 80 F.3d at 1284; *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989).  In fact, Plaintiff's failure to pursue these treatment options is evidence supporting the ALJ's credibility findings.  Therefore, the ALJ did not err in considering Plaintiff's lack of treatment and the ALJ's credibility findings are supported by substantial evidence.

## IV.   CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Commissioner of Social Security, and against Plaintiff Maria Isabel Briones Rodriguez.

IT IS SO ORDERED.

Dated:   **August 15, 2013**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE